IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff/Respondent. | § |
| | § |
| V. | § CIVIL ACTION NO. H-12-1552 |
| | § CRIMINAL ACTION NO. H-08-796 |
| RICHARD GOMEZ, | § |
| | § |
| Defendant/§ 2255 Movant. | § |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Response and Motion to Dismiss (Document No. 244) Defendant/Movant Richard Gomez' 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 240). Having considered the Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law in Support, the United States' Response and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, Gomez' § 2255 Motions to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

I.  **Procedural History**

Movant Richard Gomez ("Gomez"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Gomez' first attempt at relief under § 2255.

On December 10, 2012, Gomez was charged by Indictment, along with three co-defendants, with conspiracy to possess with intent to distribute five kilograms of more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(B)(ii). Later, on June 8, 2009, Gomez waived indictment and was charged by criminal information with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(ii) (Document No. 69). On that same day, Gomez pled guilty to the criminal information, without a plea agreement. (Document No. 73). A presentence investigation report was then prepared, to which Gomez filed Objections (Document Nos. 82 & 125) and a "Sentencing Memorandum" (Document No. 127). On April 9, 2010, Gomez was sentenced to 108 months confinement. to be followed by a five year term of supervised release, and a $500.00 fine. (Document No. 130). Judgment was entered on April 13, 2010 (Document No. 133).

Gomez appealed. On May 16, 2011, the Fifth Circuit dismissed the appeal as frivolous upon the filing of an *Anders* brief by Gomez' appellate counsel (Document No. 237). This § 2255 proceeding followed. (Document No. 240). The United States has filed a Response and Motion to Dismiss Gomez' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 94), to which Gomez has not filed a response in opposition. As the time for filing such response has passed, this § 2255 proceeding is now ripe for ruling.

**II.    Claims**

Gomez asserts, in three claims, that his trial counsel was ineffective at sentencing for:

1.     not contesting or challenging the drug quantity;

2

2. not contesting or challenging his role in the offense and failing to seek a favorable, minor participant adjustment; and

3. failing to argue or present evidence that Gomez did not possess or control the residence at which the cocaine was found.

The Government, in reliance on the contents of Gomez' objections to the presentence investigation report and the record of the sentencing hearing, argues that no relief is available on any of Gomez' ineffectiveness claims.

**III. Discussion**

To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland's* deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent. *United States v. Fields*, 565 F.3d 290, 296 (5th Cir.) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)), *cert. denied*, ___ U.S. ___, 130 S.Ct. 298 (2009). Counsel, however, is not required to "anticipate changes in the law or raise

3

meritless objections." *Fields*, 565 F.3d at 296. In terms of meeting *Strickland's* prejudice prong, "'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1386 (2012) (quoting *United States v. Glover*, 531 U.S. 198, 203 (2001)).

Here, as is borne out in the record, each of Gomez' ineffectiveness claims fails under *Strickland's* deficiency prong. The record shows that Gomez' counsel filed Objections and Amended Objections to the Presentence Investigation Report (Document Nos. 82 & 125). Counsel also filed a "Sentencing Memorandum" (Document No. 127) and a "Motion for Two Level Adjustment Authorized by the Presentence Investigation Report" (Document No. 26). In these filings, counsel contested and challenged the drug quantity found attributable to Gomez in the presentence investigation report as well as the "average participant" finding in the presentence investigation report.[1] At sentencing, those two issues were addressed by the Court. *See* Sentencing Transcript (Document 194) at 3-9. Counsel did, as is reflected in the record, challenge both the drug quantity and the determination that Gomez was an average participant. Gomez has not argued what more counsel could have done. Gomez' first and second ineffectiveness claims fail under *Strickland's* deficiency prong.

---

[1] In particular, counsel argued, consistent with the letter provided by Gomez, that Gomez only had knowledge of two of the "bricks" of cocaine found at the apartment, and should therefore not be accountable for all 9.69 kilograms of cocaine found. Objections (Document No. 82) at 2; Amended Objections (Document No. 125) at 1-3. With respect to Gomez' role in the offense, counsel argued, based on both the letter provided by Gomez and the letter provided by Pedro Rojo, one of Gomez' co-defendants, that Gomez' role in the offense was minor, with Gomez merely providing some packaging material and serving as a "tester". Amended Objections (Document No. 125) at 3. Gomez' provision of packaging material, however, is not entirely consistent with Gomez' assertion that he had no knowledge of, or reason to know about, any more than two packages of cocaine.

As for Gomez' complaint that counsel did not argue, or point out, that Gomez did not possess or control the apartment where the drugs were found, that complaint is also refuted by the record. In the Objections counsel filed on October 23, 199, counsel objected to the background information section of the presentence investigation report as follows:

1. Gomez at no time was a participant in any phone conversations or audio surveillance recorded during the course of this investigation.

2. Gomez is never referenced on any telephone conversation that was made available to the defendant as part of the discovery in this matter.

3. Gomez was at no time recorded in any video surveillance in relation to any part of this investigation (the surveillance of his entering the apartment in question was visual only);

4. Other than one trip to the apartment in question for a "short period of time", the government has produced no evidence and made no allegation that Gomez was linked to that address other than it was leased in the name of his sister in law.

Objections (Document No. 82) at 2. That Objection was overruled by the Court at sentencing, with the Court finding, "from a preponderance of the evidence, that [co-defendant] Rojo and Gomez had some responsibility for the protection of the cocaine being stored in this stash house." Sentencing Transcript (Document No. 194) at 8. Again, Gomez has not argued what more counsel could have done. Thus, this final ineffectiveness also fails under *Strickland's* deficiency prong.

As the record of the underlying proceedings show that counsel made the objections and challenges argued by Gomez, counsel's performance was not deficient within the meaning of *Strickland*. In the absence of such deficiency, no relief is available to Gomez on any of his ineffective assistance of counsel claims.

5

## IV.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Richard Gomez has not, and cannot, establish that his counsel's performance was deficient, no relief is available to him on his ineffective assistance of counsel claims, and the Magistrate Judge

RECOMMENDS that the United States' Motion to Dismiss (Document No. 244) be GRANTED, Movant Richard Gomez' 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 240) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 25th day of October, 2012.

Frances H. Stacy
United States Magistrate Judge